```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MELBOURNE RIDGE, JR.,                           :
                Plaintiff,                      :
v.                                              :          OPINION AND ORDER
                                                :
MICHAEL G. DAVIS; EMMANUEL LEON-                :          18 CV 8958 (VB)
MARTINEZ; YERMIA SOLOMON; DAVID                 :
A. LINDSAY; DILLON A. OTTINO;                   :
WILLIAM S. GOBLE; and ROBERT J. MIR,            :
                Defendants.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Melbourne Ridge, Jr., proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against Detective ("Det.") Michael G. Davis, Police Officer ("P.O.") Emmanuel Leon-Martinez, P.O. Yermia Solomon, P.O. David A. Lindsay, Det. Dillon A. Ottino, Lieutenant ("Lt.") William S. Goble, and Chief Robert J. Mir, all of the Monticello, New York, Police Department ("Monticello PD"). Plaintiff alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights in connection with his arrest on October 26, 2016, and subsequent detention.

Now pending is Lt. Goble and Chief Mir's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6), inasmuch as it includes claims against them.[1] (Doc. #46).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] The motion to dismiss was also submitted on behalf of defendant Solomon. Solomon argued the amended complaint should be dismissed as against him pursuant to Rule 12(b)(5) for insufficient service of process and failure to comply with Rule 4(m). By Order dated November 22, 2019, the Court denied the motion on that basis. (Doc. #54). Accordingly, this Opinion and Order addresses the motion inasmuch as it respects plaintiff's claims against Lt. Goble and Chief Mir only.

1

**BACKGROUND**

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and its exhibits, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff alleges that on October 26, 2016, while driving on Bennett Street in Monticello, he noticed a pile of copper pipes on the side of the road. Plaintiff pulled over and began loading the pipes into his vehicle. While doing so, several Monticello police officers approached plaintiff. Plaintiff fled, due to an outstanding warrant for his arrest, and the officers pursued.

While fleeing, plaintiff alleges he heard an unidentified officer say, "I'm gonna kick your ass!" (Doc. #37 ("Am. Compl.") at ECF 5).[2] Plaintiff further alleges that when he realized he was surrounded by the police, he stopped running, got on his knees, and raised his hands.

Plaintiff claims P.O. Lindsay then tasered him on the right side of his head, and P.O. Leon-Martinez kicked him in his face and repeatedly punched him in the head, neck, and back. According to plaintiff, P.O. Lindsay, P.O. Solomon, and Det. Davis, who witnessed the incident, failed to "intervene to stop the attack." (Am. Compl. at ECF 5–6). Plaintiff asserts Det. Davis said: "Next time don't make us run like that asshole." (Id. at ECF 6).

According to plaintiff, Det. Davis ignored plaintiff's request for medical assistance as he transported plaintiff to the Monticello PD. Plaintiff allegedly was "hurting and could not see out of [his] left eye." (Am. Compl. at ECF 6). Plaintiff alleges Det. Davis and Det. Ottino interrogated plaintiff for several hours, and placed plaintiff in a cell "until EMS arrived." (Id. at ECF 7).

---

[2] "Am. Compl. at ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Thereafter, plaintiff alleges he was transported to Catskill Regional Hospital, where medical staff informed plaintiff his left eye socket was broken. Plaintiff further alleges he suffered a concussion during the arrest. Plaintiff was arraigned bedside at Catskill Regional Hospital, and then transported to Albany Medical Center for further treatment. Plaintiff was eventually transported to Sullivan County Jail.

## DISCUSSION

I.   Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[3]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Personal Involvement

Lt. Goble and Chief Mir argue plaintiff has failed to allege their personal involvement in any violation of plaintiff's constitutional rights.

The Court agrees.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." Wright v. Smith, 21 F.3d 496, 501 (2d. Cir. 1994).

> Supervisor liability under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).[4]

---

[4] After Ashcroft v. Iqbal, district courts within the Second Circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable. See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016) (collecting cases). The Second Circuit has yet to resolve this dispute. Id. Plaintiff will be

4

Here, plaintiff's allegations fail to state a plausible Section 1983 claim against Lt. Goble and Chief Mir. The amended complaint does not contain any allegations suggesting Lt. Goble and Chief Mir's personal involvement in a constitutional violation. Although plaintiff argues in his opposition to the motion that Lt. Goble and Chief Mir were "certainly present" at the Monticello PD when plaintiff was interrogated and held pending transfer to Catskill Regional Hospital, this allegation is insufficient to suggest Lt. Goble and Chief Mir were personally involved in a denial of medical treatment or deliberately indifferent to plaintiff's serious medical needs.[5] Rather, plaintiff alleges in his amended complaint that Det. Davis and Det. Ottino interrogated and held plaintiff for several hours before plaintiff was transported to Catskill Regional Hospital for a medical evaluation and treatment. (Am. Compl. at ECF 6).

III. Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to a pro se litigant, who "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371

---

provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[5] Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss. See, e.g., Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

5

U.S. 178, 182 (1962)).  This is true even when a plaintiff is proceeding pro se.  See Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

The amended complaint, even liberally construed, contains no allegations suggesting plaintiff has a valid constitutional claim against Lt. Goble or Chief Mir that plaintiff "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe."  See Cuoco v. Moritsugu, 222 F.3d at 112.  The problems with plaintiff's claims are substantive, and better pleading will not cure them.  For these reasons, amendment would be futile.

Accordingly, the Court concludes plaintiff would not be able to state a valid claim against Lt. Goble or Chief Mir if given another opportunity to amend his complaint.

## CONCLUSION

Lt. Goble and Chief Mir's motion to dismiss under Rule 12(b)(6) is GRANTED.  (Doc. #46).

The Clerk is instructed to terminate Lieutenant William S. Goble and Chief Robert J. Mir as defendants in this case.

Plaintiff's case shall continue as against Detectives Michael G. Davis and Dillon A. Ottino, and Police Officers Yermia Solomon, Emmanuel Leon-Martinez, and David A. Lindsay, who have answered the amended complaint.  (See Docs. ##50, 62).  The next case management conference remains scheduled for May 27, 2020, at 9:30 a.m.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated: April 13, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge