UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELBOURNE RIDGE, JR.,<br><br>       Plaintiff,<br><br>-against-<br><br>MICHAEL G. DAVIS, EMMANUEL LEON-MARTINEZ, YERMIA SOLOMON, DAVID A. LINDSAY, and DILLON A. OTTINO,<br><br>       Defendants. | **ORDER GRANTING<br>PRO BONO COUNSEL**<br><br>18 Civ. 8958 (JCM) |

JUDITH C. McCARTHY, United States Magistrate Judge:

  Plaintiff Melbourne Ridge, Jr. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights by Defendants. Plaintiff previously requested *pro bono* counsel, which this Court denied without prejudice. (Docket Nos. 21; 58). The Court now reconsiders Plaintiff's request for *pro* bono counsel *sua sponte*. For the reasons set forth below, the request is granted and the Court directs that the Clerk of Court seek *pro bono* counsel to enter a limited appearance for the purpose of representing Plaintiff at his upcoming trial scheduled to commence on August 15, 2022.

## LEGAL STANDARD

  The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an

attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a request to proceed *in forma pauperis*, which the Court granted. (*See* Docket Nos. 1; 3). Plaintiff therefore qualifies as indigent.

In the Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendants Michael G. Davis, Emmanuel Leon-Martinez, Yermia Solomon, David A. Lindsay, and Dillon A. Ottino are liable for excessive force and failure to intervene in connection with an incident preceding Plaintiff's arrest in Monticello, New York on October 26, 2016. (Docket No. 37). The Court finds that Plaintiff's claims are "likely to be of substance," *see Hodge*, 802 F.2d 61–62, since "they have survived Defendants' motion for summary judgment." *Williams v. N.Y.C. Dep't of Corr.*, 19-cv-3347 (LJL), 2022 WL 1125285, at *2 (S.D.N.Y. Apr. 14, 2022) (citing *Hodge*, 802 F.2d at 61).

The Court also finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. "Counsel's assistance will help Plaintiff select a jury, cross-examine witnesses, and otherwise effectively prosecute his case, and will 'lead to a quicker and more just result by sharpening the issues and shaping examination.'" *Williams*, 2022 WL 1125285, at *2 (quoting *Hodge*, 802 F.2d at 61); *see also Joseph v. Elberth*, 18 Civ. 7197 (NSR), 2022 WL 901661, at *2 (S.D.N.Y. Mar. 25, 2022) (finding that "because the case is proceeding to a jury trial, representation" by *pro bono* counsel "would lead to a quicker and more just result by sharpening the issues and shaping examination") (quoting *Hodge*, 802 F.2d at 61) (internal quotations omitted). Moreover, Plaintiff has tried to obtain counsel on his own, (Docket No. 58), he is currently incarcerated, and there is conflicting evidence in this case that implicates the need for cross-examination necessitating the need for *pro bono* counsel to facilitate a more efficient trial. *See Hodge*, 802 F.2d at 61.

"Therefore, the appointment of counsel in the context of the specific circumstances of this case at this juncture is appropriate and such appointment will facilitate Plaintiff's ability to deal with the complexities of . . . trial." *Hall v. Potter*, CV-5003 (MKB) (AKT), 2013 WL

12347144, at *2 (E.D.N.Y. Nov. 4, 2013) (granting the *pro se* plaintiff's application for appointment of *pro bono* counsel after the court previously "denied several prior applications for appointment of counsel").

Given the late stage of the proceedings, the Court will request that counsel appear for the limited purpose of representing Plaintiff at trial. In addition, *pro bono* counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

*Pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end upon completion of trial.

Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff

directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

Dated:  June 16, 2022
          White Plains, New York

                                      **SO ORDERED:**

                                      */s/ Judith C. McCarthy*
                                      JUDITH C. McCARTHY
                                      United States Magistrate Judge