UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MELBOURNE RIDGE, JR.,

                      Plaintiff,

         -against-

MICHAEL G. DAVIS, EMMANUEL LEON-
MARTINEZ, YERMIA SOLOMON, DAVID A.
LINDSAY, and DILLON A. OTTINO,

                   Defendants.
-------------------------------------------------------------X

**DECISION & ORDER**

18 Civ. 8958 (JCM)

       Trial in this case is scheduled to begin on February 6, 2023.  Presently before the Court are motions *in limine* submitted by Melbourne Ridge, Jr. ("Ridge" or "Plaintiff") and Detective-Sergeant Michael G. Davis ("Davis"), Officer Emmanuel Leon-Martinez ("Leon-Martinez"), Officer Yermia Solomon ("Solomon") and Sergeant David A. Lindsay ("Lindsay") (collectively, "Defendants").[1]  (Docket Nos. 118–20, 139–44, 146, 157–59).  Together, the motions *in limine* raise twelve issues.  The Court will summarize the legal standard generally applicable to motions *in limine* and then discuss each issue in turn.  Familiarity with the procedural history and facts of the case is assumed.

## I.  LEGAL STANDARD

       A trial court's "inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).  An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the

---

[1] Although Detective Dillon A. Ottino's name appears in the case caption, all claims against him were previously dismissed by the Court on summary judgment, and therefore, Detective Ottino is no longer in this case. (*See* Docket No. 107 at 36).

relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)) (internal quotations omitted).  "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09 CR 1153 (MEA), 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).[2]  "A court considering a motion *in limine* may reserve judgment until trial so that the motion is placed in the appropriate factual context." *New Am. Mktg. FSI LLC v. MGA Ent., Inc.*, 187 F. Supp. 3d 476, 481 (S.D.N.Y. 2016) (citing *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003)).

## II.  DISCUSSION

### A.  Defendants' Motions *in Limine*

Defendants argue that they should be permitted (1) to offer impeachment evidence regarding Plaintiff's prior criminal conviction for burglary; and (2) to inquire on cross-examination about Plaintiff's prior criminal convictions for petit larceny and his pending criminal charge for false personation. (Docket No. 120 at 4–9).  Defendants further contend that Plaintiff should be precluded from offering into evidence at trial the testimony of an unnamed "'eye doctor/specialist'" ("unnamed eye doctor," "unnamed doctor," or "unidentified doctor") mentioned in the parties' joint pre-trial order,[3] (Docket No. 120 at 9–10; Docket No. 115 at 3;

---

[2] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

[3] Defendants refer to the joint pre-trial order filed on June 8, 2022, but the two revised joint pre-trial orders filed on August 24, 2022 and October 19, 2022, also mention the "eye doctor/specialist." (Docket No. 120 at 9–10; *see also* Docket Nos. 115 at 3; 138 at 3; 169-1 at 4).

Docket No. 138 at 3); the testimony of his father, Melbourne Ridge, Sr.; and a certain medical record containing what they allege to be a hearsay comment made by a non-party, (Docket No. 144 at 4–13).

### 1.  Plaintiff's Underlying Burglary Conviction

### i.  Use of Burglary Conviction as Evidence Beyond Impeachment

The parties disagree over the admissibility of certain information relating to Plaintiff's underlying arrest and subsequent conviction for burglary in the third degree under New York Penal Law § 140.20.  Defendants argue that Plaintiff's third-degree burglary conviction is relevant to help explain the underlying incident and goes to Plaintiff's credibility. (Docket No. 119-1 at 2; Docket No. 120 at 4–7; Docket No. 159 at 17–19).  Plaintiff strenuously objects, arguing that the underlying arrest and conviction are not probative of Plaintiff's veracity, are irrelevant to this case, are highly prejudicial and would constitute impermissible character evidence. (Docket No. 141 at 7–11; Docket No. 140 at 7–17).

"The Federal Rules of Evidence favor the admission of all relevant evidence." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 446, 452 (S.D.N.Y. 2009) (citing Fed. R. Evid. 402).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401  However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] . . . that it will divert the jury from the facts which should control their verdict.'"

*Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 537 (E.D.N.Y. 2011) (citations omitted) (alteration in original).  "Irrelevant evidence is not admissible." *See* Fed. R. Evid. 402.

Here, the circumstances surrounding Plaintiff's arrest are relevant to Plaintiff's excessive force claims.  "When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to [the officers'] underlying intent or motivation.'" *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)) (alteration in original).  These facts and circumstances include "'the crime committed, its severity, the threat of danger to the officer and society, and whether the suspect is resisting or attempting to evade arrest.'" *Id.* (quoting *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999)).  Therefore, any information that the officers had at the time of the arrest about the nature and severity of Plaintiff's alleged crime is admissible.

On the other hand, the Court finds that the certificate of disposition relating to Plaintiff's underlying arrest is irrelevant and inadmissible pursuant to Rules 401 and 402 of the Federal Rules of Evidence.  "[A] plaintiff's subsequent conviction . . . is 'irrelevant to whether the [arresting] officers' actions were objectively reasonable before and during the course of the incident at issue' in an excessive force case." *Jean-Laurent*, 840 F. Supp. 2d at 539 (citation omitted) (alteration in original).  In other words, "the ultimate disposition of Plaintiff's arrest is irrelevant to the issue of whether Plaintiff was subjected to excessive force, and is likely to confuse the jury." *Picciano v. McLoughlin*, No. 5:07-CV-0781 (GTS)(GJD), 2010 WL 4366999, at *6 (N.D.N.Y. Oct. 28, 2010), *adhered to in part*, 2011 WL 382230 (N.D.N.Y. Feb. 3, 2011).  However, as discussed below, Plaintiff's conviction is admissible for impeachment purposes.

### ii. Use of Burglary Conviction for Impeachment Purposes

Defendants argue, pursuant to Federal Rule of Evidence 609 ("Rule 609"), that Plaintiff's conviction for burglary in the third degree under New York Penal Law § 140.20 is admissible for impeachment purposes. (Docket No. 120 at 4–7; Docket No. 119-1 at 2).  Plaintiff opposes this motion on several grounds and moves to preclude this evidence. (Docket No. 140 at 7–17; Docket No. 141 at 7–11).  Plaintiff argues that evidence of the conviction, if admitted, is irrelevant and would not be probative of his veracity because neither the statutory elements of the crime, nor the circumstances leading to the Plaintiff's conviction of it entail falsehood or deception. (Docket No. 141 at 8–10).  Plaintiff further asserts that admission of the conviction would prove highly prejudicial to him, potentially causing the jurors to harbor bias against him or to decide his case based on emotions or other improper motives. (*Id.* at 10–11).  Defendants respond to Plaintiff's motion *in limine* largely by rehashing the arguments in their initial motion *in limine* on the subject, (*compare* Docket No. 120 at 4–7 *with* Docket No. 159 at 12–19), and also emphasize that the burglary conviction is relevant and that the details of the crime "evince a high degree of dishonesty on [Plaintiff's] part." (*See* Docket No. 159 at 12–19).  For the reasons that follow, the Court finds that the burglary conviction is admissible for impeachment purposes only.

Plaintiff was convicted of three counts of burglary in the third degree in violation of New York Penal Law § 140.20 as a result of his arrest that gave rise to this case. (Docket No. 120 at 6; Docket No. 119-1 at 2).  That statute provides, in relevant part, that "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." N.Y. Penal Law § 140.20 (2017).  As a class D felony, third-

degree burglary carries a penalty of a minimum period of imprisonment under an indeterminate sentence of at least one year. *See* N.Y. Penal Law §§ 140.20; 70.00 (2017).

Rule 609 generally governs the use of prior criminal convictions to attack a witness's character for truthfulness.  Rule 609 states, in relevant part:

> (a) . . . (1) for a crime that, in the convicting jurisdiction, was punishable . . . by imprisonment for more than one year, the evidence: (A) must be admitted, subject to [Federal Rule of Evidence 403], in a civil case . . . and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Evid. 609.  "Any felony conviction that is not automatically admissible for impeachment purposes under Fed. R. Evid. 609(a)(2) must, therefore, be analyzed under Fed. R. Evid. 403." *Ramsay-Nobles v. Keyser*, 16 Civ. 5778 (CM), 2020 WL 359901, at *2 (S.D.N.Y. Jan. 22, 2020).

"As a general rule in the Second Circuit, the violent crimes of robbery, burglary and assault are not deemed to fall within the meaning of the phrase 'dishonest act or false statement' as used in Rule 609(a)(2)." *Ramsay-Nobles*, 2020 WL 359901, at *2 (citing *United States v. Estrada*, 430 F.3d 606, 614 (2d Cir. 2005); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).  Thus, Plaintiff's third-degree burglary conviction does not fall within the scope of Rule 609(a)(2).  Nonetheless, as Plaintiff's felony conviction was for a crime punishable by more than one year, under Rule 609(a)(1) the conviction "must be admitted" subject to the balancing test prescribed in Rule 403. Fed. R. Evid. 609(a); *see, e.g.*, *United States v. Daugerdas*, 837 F.3d 212, 226 (2d Cir. 2016) (referring to "Rule 403's balancing test").

Applying this balancing test, *supra* pp. 3–4, the Court bears in mind that "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *Estrada*, 430 F.3d at 617 (citation omitted).  Further, the Second Circuit has admonished district courts "to consider that Rule 609(a)(1) crimes, which do not bear directly on

honesty such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility." *Id.*  The Second Circuit has also noted that "'crimes of stealth (*e.g.*, smuggling, *burglary*), while not quite crimes of dishonesty or false statement, do reflect lack of credibility and should be admitted unless significantly prejudicial' . . . [since they] bear on a witness' propensity to testify truthfully." *Id.* at 618–19, 621 (emphasis added; internal quotations omitted) (quoting *United States v. Lipscomb*, 702 F.2d 1049, 1057 (D.C. Cir. 1983)); *but see Olutosin v. Gunsett*, No. 14-cv-00685 (NSR), 2019 WL 5616889, at *14 (S.D.N.Y. Oct. 31, 2019) (stating "convictions for other crimes of force, *i.e.*, 'arson, burglary, armed robbery, illegal possession of a firearm, and assault and battery' are not particularly 'probative of credibility for purposes of Rule 609.'" (quoting *Hartman v. Sneiders*, 04 CV 1784 (CLP), 2010 WL 11626508, at *12 (E.D.N.Y. Jan. 28, 2010)).  When conducting the Rule 403 balancing test incorporated into Rule 609(a)(1), "courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *Hayes*, 553 F.2d at 828 (additional citation omitted)).  Courts must "examine which of a witness's crimes have elements relevant to veracity and honesty and which do not," and that the "individualized balancing analysis" under Rule 609(a)(1) "presumes that some details of a witness's felony convictions will be considered." *Estrada*, 430 F.3d at 616–17.  However, "it may be proper to limit, under Rule 609(a)(1), evidence of the underlying facts or details of a crime of which a witness was convicted . . . ." *Id.*  Excluding such underlying details of a conviction and allowing only the presentation of its "'essential facts'" lessens the prejudice that a witness faces from its admission. *See, e.g.*, *Reeder v. Bishop*, 9:15-CV-1078 (MAD)(TWD), 2019 WL 3732050, at *4

(N.D.N.Y. Aug. 8, 2019) (quoting *Estrada*, 430 F.3d at 616); *see also Brodeur v. Champion*, 3:17 CV 1738 (RMS), 2019 WL 3717570, at *3 (D. Conn. Aug. 7, 2019) (excluding names and details of plaintiff's robbery, burglary and assault convictions as prejudicial in light of acts of violence involved in his excessive force claim and risk that jury would improperly consider them as evidence of propensity toward violence).

Here, considering the first factor—the impeachment value of Plaintiff's burglary conviction—the Court concludes that this particular conviction of third-degree burglary, as a crime of stealth, is probative of Plaintiff's veracity. *See Estrada*, 430 F.3d at 617–19; *Daniels*, 986 F. Supp. at 250; *Laureno v. City of New York*, No. 17-CV-181 (LAP), 2021 WL 3272002, at *9–*10, *9 n.11 (S.D.N.Y. July 30, 2021) (classifying third-degree burglary under N.Y. Penal Law § 140.20 as a crime involving stealth).  While the discrete elements of the Plaintiff's third-degree burglary conviction (*i.e.*, knowingly entering or remaining unlawfully in a building with intent to commit a crime therein) do not necessarily connote stealth, the underlying facts of Plaintiff's conviction do so. *See* N.Y. Penal Law § 140.20 (2017).  According to the admissions that Plaintiff made during his guilty plea, during the course of committing these crimes, Plaintiff entered three bungalows in the colony without permission and stole copper pipe from them. (Docket No. 12-1 at 2–3; Docket No. 12-2 at 14–15).  Therefore, it is clear that these crimes involved both theft and an element of stealth because Plaintiff surreptitiously entered the bungalows in an attempt to avoid detection. *See Estrada*, 430 F.3d at 617–21.  Since crimes of stealth "reflect lack of credibility," *Estrada*, 430 F.3d at 617–19, and "crimes that reflect on a person's integrity – such as those involving deceit, fraud and theft – bear on honesty" the impeachment value of Plaintiff's third-degree burglary conviction weighs in favor of its

admission under Rule 609(a)(1). *See Ramsay-Nobles*, 2020 WL 359901, at *3 (citing *Estrada*, 430 F.3d at 617–18).

The second factor is also met because the conviction occurred approximately five years ago, it is still recent enough to bear upon Plaintiff's truthfulness. *Cf. Coleman v. Durkin*, 585 F. Supp. 3d 208, 214 (N.D.N.Y. 2022 ) (holding that approximately fifteen-year-old convictions were "somewhat remote in time" and "[weighed] against" admitting them under Rule 609(a)(1)); *see also, e.g.*, Fed. R. Evid. 609(b) (providing a framework limiting the admissibility of, *inter alia*, convictions more than ten years old); *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) ("We have recognized that Congress intended that convictions over ten years old be admitted 'very rarely and only in exceptional circumstances.'" (quoting S. Rep. No. 1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. (93 Stat.) 7051, 7062)); *Twitty v. Ashcroft*, No. 3:04cv410 (DFM), 2010 WL 1677757, at *2 (D. Conn. Apr. 23, 2010) (noting the "'probative value of a conviction decreases as its age increases.'" (quoting Jack B. Weinstein & Margaret A. Berger, 4 *Weinstein's Federal Evidence*, § 609.05(3)(d) at 609–41 (Joseph M. McLaughlin ed., 2d ed. 2010))).  The third factor—the similarity between the past crimes and the conduct at issue—weighs against its admission since the jury may be swayed by sympathy for the Defendants if they knew that Plaintiff had been convicted of the crimes for which Defendants arrested him.

"Finally, Plaintiff's credibility is highly important in this case," as he will be the primary fact witness on his own behalf offering his description of the events in question. *See Coleman*, 585 F. Supp. 3d at 214 (*see, e.g.*, Docket No. 37 at 5–11; Docket No. 138 at 3).  Thus, weighing all four factors, the Court finds that the balance falls in favor of admitting this conviction.[4]

---

[4] "For our purposes, the only relevant Rule 403 consideration is the prejudicial value of the evidence of conviction, since the simple act of asking a witness whether and when he was convicted of a particular crime, and what

*Daniels*, 986 F. Supp. at 250.  Accordingly, Defendants may cross-examine Plaintiff concerning his 2017 conviction for burglary in the third degree for impeachment purposes.  However, such cross-examination will be limited to the fact that Plaintiff was subsequently convicted of third-degree burglary for this arrest.  Defendants may not testify or inquire about the sentence imposed, or whether the conviction was the result of a plea or a trial.

## 2.  Plaintiff's Prior Petit Larceny Convictions

Defendants further argue that Plaintiff's 2013 and 2014 convictions for petit larceny should be admitted during cross-examination to impeach Plaintiff because they bear on his propensity to testify truthfully under Federal Rule of Evidence 608(b) ("Rule 608(b)"). (Docket No. 120 at 7–9).  Plaintiff counters that evidence of his petit larceny convictions is not probative of his veracity and is inadmissible under Federal Rules of Evidence 608(b), 609(a), and 402–404. (Docket No. 140 at 7–17; Docket No. 141 at 11–14).

Plaintiff's convictions for petit larceny were under New York Penal Law § 155.25. (Docket No. 120 at 7–9; Docket No. 119-3 at 2; Docket No. 119-4 at 2).  Under that statute, "[a] person is guilty of petit larceny when he steals property." N.Y. Penal Law § 155.25 (2013); N.Y. Penal Law § 155.25 (2014).  These are misdemeanor convictions, which, at the time of Plaintiff's convictions, were not subject to imprisonment exceeding one year. *See* N.Y. Penal Law §§ 155.25; 70.15 (2013); N.Y. Penal Law §§ 155.25; 70.15 (2014).  The Second Circuit has clearly indicated that petit larceny is not a proper subject matter for impeachment under Rule 609(a)(2). *Hayes*, 553 F.2d at 827.  In addition, the petit larceny convictions are also not admissible under Rule 609(a)(1) because they were not punishable by imprisonment for more than one year. *See* Rule 609(a)(1).

---

punishment he received therefor, does not implicate such things as undue delay or juror confusion." *Ramsay-Nobles*, 2020 WL 359901, at *3.

Defendants further maintain that the petit larceny convictions are admissible under Rule 608(b), which concerns a witness's character for truthfulness or untruthfulness. Rule 608(b) provides, in relevant part, that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b).  The Court must also be guided by Rule 403 "in deciding whether to exercise its discretion to allow cross-examination pursuant to Rule 608(b)." *United States v. Brown*, No. 07-CR-874 (KAM), 2009 WL 497606, at *4 (E.D.N.Y. Feb. 26, 2009).

As noted above, "theft crimes, and other crimes involving stealth, . . . bear on a witness's propensity to testify truthfully." *Estrada*, 430 F.3d at 621; *see also Picciano*, 2010 WL 4366999, at *2, *adhered to in part*, 2011 WL 382230 (plaintiff's arrest for petit larceny involves a crime of dishonesty).  However, extrinsic evidence of the convictions, such as the 2013 "Certificate of Disposition" and the 2014 "Certificate of Conviction" are not admissible. (Docket No. 120 at 8–9; Docket No. 119-3; Docket No. 119-4); Fed. R. Evid. 608(b); *see also Nibbs v. Goulart*, 822 F. Supp. 2d 339, 344 (S.D.N.Y. 2011) ("Under the plain terms of [Rule 608(b)] extrinsic evidence—such as the police reports and court documents referred to by Defendants—is inadmissible to prove specific instances of prior conduct related to a witness's veracity.").  Nevertheless, the Court must further consider whether the probative value of these convictions is substantially outweighed by a danger of unfair prejudice they may cause. *See supra* pp. 3–4.  The Court finds that the limited probative value is diminished because the convictions occurred almost ten years ago. *See Shepherd v. Smith*, 9:15-cv-00665 (BKS)(CFH), 2019 WL 5212883, at *7 (N.D.N.Y. Oct. 16, 2019) (holding that the minimal probative value of Plaintiff's disciplinary

record for smuggling was diminished and substantially outweighed by the danger of unfair

prejudice to Plaintiff because the conviction occurred sixteen years before trial).  Additionally,

evidence of these prior misdemeanor convictions would be prejudicial to Plaintiff and would not

assist the jury in determining whether excessive force was used in this instance.

Accordingly, the Court precludes Defendants from testifying or otherwise introducing

evidence of Plaintiff's prior misdemeanor convictions.

### 3. Plaintiff's Pending False Personation and Petit Larceny Charges

Defendants also move to admit evidence of a pending false personation charge against

Plaintiff under Rule 608(b). (Docket No. 120 at 7–8).  Plaintiff opposes this motion, contending

that the false personation charge should be excluded as more prejudicial than probative and

adding that its accompanying petit larceny charge should be excluded under Rule 608(b).

(Docket No. 141 at 11–16).  The Court agrees.

A person is guilty of false personation—which is a class B misdemeanor—under New York

Penal Law § 190.23 "when after being informed of the consequences of such act, he or she

knowingly misrepresents his or her actual name, date of birth or address to a police officer or

peace officer with intent to prevent such police officer or peace officer from ascertaining such

information." N.Y. Penal Law § 190.23 (2017).  Defendants' exhibit indicates that Plaintiff was

arrested and arraigned on this charge, along with a further charge of petit larceny, in October

2017. (Docket No. 119-2 at 2–3).  "'Rule [ ] . . . 608(b) specifically contemplate[s] conduct

which does not result in a criminal conviction being admissible at trial under certain defined

circumstances.'" *Boykin v. Western Express, Inc.*, 12-cv-7428 (NSR)(JCM), 2016 WL 8710481,

at *7 (S.D.N.Y. Feb. 5, 2016) (quoting *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997)).

Nevertheless, the Court finds that any probative value that these pending—and thus unproven—

charges may have on Plaintiff's character for truthfulness is far outweighed by their potential prejudicial effect on the jury. *See* Fed. R. Evid. 403; *see also Stephen*, 2009 WL 1471180, at \*8 (finding "unproven charges and prior arrests" inadmissible for impeachment because they did not result in convictions or sufficiently bear on character for untruthfulness); *Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not . . . impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness."). Accordingly, the Court precludes Defendants from testifying or introducing evidence of Plaintiff's 2017 false personation and petit larceny charges.

**4. Testimony of the Unnamed Eye Doctor**

Defendants seek an order precluding Plaintiff from calling a certain unnamed eye doctor from the Albany Medical Center to testify as an expert witness at trial, asserting that Plaintiff has not specifically identified the individual by name or provided other disclosures applicable to the witness. (Docket No. 120 at 9–10).  Furthermore, Defendants argue they would be prejudiced because Plaintiff's failure to disclose the identity of this witness has interfered with their ability to conduct expert discovery, including deposing the expert, and retaining an expert witness to refute the unnamed doctor's testimony. (*Id.*).  Plaintiff counters that he should be permitted to call this unidentified doctor to testify as his treating physician. (Docket No. 141 at 16–17).

Under Federal Rule of Civil Procedure 26 ("Rule 26"), parties are required to disclose, *inter alia*, the names of the witnesses they expect to call at trial in their expert or pretrial disclosures. In the parties' joint pre-trial order, Plaintiff's list of proposed witnesses includes the still-unnamed eye doctor, noting that "Plaintiff's counsel [was] diligently attempting to locate" this witness in part by resolving to "execute a new HIPPA form" and by "attempting to obtain the

-13-

medical records that reflect the name of the individual." (Docket No. 138 at 3–4).  However, Plaintiff never provided the Defendants with the necessary disclosures regarding the unnamed eye doctor, including his or her name, despite having four years to do so and the assistance of counsel for over two months.  Plaintiff offers no explanation for this oversight. (*See, e.g.*, Docket No. 138 at 3–4; Docket No. 141 at 16–17).  Moreover, discovery concluded at the end of 2020, (*see* Docket Nos. 74–76, 78–85), and the Court denied Plaintiff's *pro bono* counsel's request to reopen discovery on July 22, 2022.  Furthermore, Defendants have not had an opportunity to seek discovery pertaining to this unnamed doctor, or to retain a rebuttal witness if necessary. (Docket No. 120 at 9–10).

On the other hand, since Plaintiff, has proceeded *pro se* for much of this litigation, and has now returned to that status, he merits the Court's "'special solicitude.'" *See, e.g.*, *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).  Accordingly, the Court will allow Plaintiff until December 9, 2022 to identify this unnamed doctor. *See Wood v. F.B.I.*, 432 F.3d 78, 84–85 (2d Cir. 2005) (recognizing district court's "broad discretion to manage pre-trial discovery"); *Fanning v. Target Corp.*, No. 05 Civ. 12 (PKL)(MHD), 2006 WL 298811, at *2–*3 (S.D.N.Y. Feb 6, 2006) (permitting depositions of two witnesses after close of discovery); *cf. Chimarev v. TD Waterhouse Inv. Servs., Inc.*, 99 Fed. App'x 259, 263 (2d Cir. 2004) (finding no abuse of discretion when district court declined to allow plaintiff to depose a witness after close of discovery).  In addition, Defendants will have an opportunity to depose this doctor and obtain a rebuttal witness if necessary prior to the start of trial on February 6, 2023. *See Wood*, 432 F.3d at 84–85; *Fanning*, 2006 WL 298811, at *2–*3.

-14-

**5. Testimony of the Plaintiff's Father**

Defendant argues that Plaintiff should be precluded from calling his father, Melbourne Ridge, Sr., as a witness due to Plaintiff's failure to properly disclose him as a witness and the resulting prejudice to the Defendants. (Docket No. 144 at 4–8).  Plaintiff responds that he "will not call Melbourne Ridge, Sr., as such at trial," and that "[a]ccordingly, Defendants' present motion is moot." (Docket No. 157 at 4).  Since Plaintiff has indicated that he will not call his father at trial, the Court grants Defendants' motion. *See Cannistraci v. Kirsopp*, No. 1:10-cv-980 (MAD)(DRH), 2012 WL 2089687, at *1 (N.D.N.Y. June 8, 2012); *see also Bravman v. Baxter Healthcare Corp.*, 842 F. Supp. 747, 748 (S.D.N.Y. 1994) (finding motion *in limine* seeking to preclude evidence moot when plaintiff conceded it would not introduce evidence defendant was moving to preclude).  Moreover, Melbourne Ridge, Sr.'s testimony is irrelevant because Plaintiff stated in a deposition that no one, including his father, was present with him at the time of his arrest. *See* Fed. R. Evid. 401; (Docket No. 144 at 6–8; Docket No. 143-4 at 3).

**6.  Medical Record Containing Alleged Hearsay Comment**

Defendants move to preclude as hearsay a comment attributed to a Village of Monticello police officer who transported Plaintiff to the Catskill Regional Medical Center ("Catskill Regional"), which was recorded in one of Plaintiff's medical records. (Docket No. 144 at 9–12).  The comment, as recorded by a nurse at Catskill Regional, was that Plaintiff was "'hit like a linebacker' from another officer." (Docket No. 143-5 at 2).  Plaintiff argues that the statement is not hearsay because he will not offer it for its truth, but rather for the purpose of showing how Defendants' police department's accounts of the incident have shifted over time. (Docket No. 157 at 4–6).  The Court holds that the statement should be precluded from evidence.

The statement made by the transporting officer, who is not a Defendant, presents a variety of evidentiary issues, and is ultimately more prejudicial than probative. *See* Fed. R. Evid. 403, 805; (Docket No. 144 at 9–12). Furthermore, there is no evidence that the transporting officer was present at the scene of Plaintiff's arrest and witnessed what occurred. Thus, the statement is unreliable hearsay, and the Court precludes this statement from introduction into evidence at trial.

## B. Plaintiff's Motions *in Limine*

Plaintiff contends that Defendants should be precluded from offering (1) evidence of Plaintiff's past criminal convictions and complaints; (2) evidence concerning a temporary restraining order that Kaila Grant—Plaintiff's former partner—obtained against Plaintiff as well as a warrant potentially stemming therefrom and evidence concerning any domestic disputes between them; and (3) evidence regarding Plaintiff's medical records from December 2016. (Docket No. 140 at 7–26).

## 1. Plaintiff's Past Criminal Convictions

Plaintiff moves to exclude "any evidence, argument, opinion, or testimony concerning the convictions listed on Defendants' exhibits, or any other criminal conviction or complaint against [him]." (Docket No. 140 at 7). This includes evidence of Plaintiff's conviction for a 2001 robbery, a 2010 incident of controlled substance possession, a 2012 incident of attempted controlled substance possession, "as well as certain misdemeanor complaints." (*Id.*). Defendants' responsive papers do not respond to these requests. (*See* Docket No. 159 at 1–22).

## i. Plaintiff's 2001 Robbery Conviction

Plaintiff opposes the admission of evidence of his May 14, 2001, conviction for robbery in the first degree and robbery in the second degree in Orange County, New York. (Docket No. 140

at 7–17; Docket No. 138 at 5).  Militating against the admission of this conviction, Plaintiff

argues, is its age and considerations under Federal Rules of Evidence 608(b), 609 and 402–404.

(Docket No. 140 at 7–17).

The conviction is well over 10 years old; Defendants do not oppose its preclusion, and both

statutes bear "'the characteristics of [crimes] of violence,'" and thereby have limited probative

value on credibility which is far outweighed by its prejudicial effect. *See* Fed. R. Evid. 403, 609;

N.Y. Penal Law §§ 160.10; 160.15; 70.00; 70.02 (2001); *Diggs v. Guynup*, 9:17-cv-736

(BKS)(DJS), 2022 WL 3355959, at *2 (N.D.N.Y. Aug. 15, 2022) (quoting *United States v.

Crumble*, 18-cr-32 (ARR), 2018 WL 2016852, at *7 (E.D.N.Y. May 1, 2018)); *Twitty*, 2010 WL

1677757, at *2.  Accordingly, the Court precludes Defendants from testifying or introducing

evidence of Plaintiff's 2001 robbery conviction.

### ii.  Plaintiff's 2010 Controlled Substances Possession Conviction & Plaintiff's 2012 Attempted Controlled Substances Possession Conviction

Plaintiff also contests Defendants' prospective use of his December 10, 2010, conviction

for criminal possession of a controlled substance in the seventh degree, and his June 6, 2012,

conviction for attempted criminal possession of a controlled substance in the seventh degree.

(Docket No. 140 at 7–17; Docket No. 138 at 5); N.Y. Penal Law § 220.03 (2010).  Both are class

A misdemeanors.

These misdemeanor convictions are now, respectively, nearly 12 and over 10 years old and

are not necessarily probative of a witness's truthfulness or untruthfulness. *See Diggs*, 2022 WL

3355959, at *2–*3 (excluding nearly sixteen-year-old disciplinary conviction for drug possession

under Rule 403); *Estrada*, 430 F.3d at 618 ("Many drug crimes . . . may be less probative of

veracity.").  Accordingly, the Court precludes Defendants from testifying or introducing evidence

of Plaintiff's 2010 conviction for criminal possession of a controlled substance and his 2012

conviction for attempted criminal possession of a controlled substance. *See* Fed. R. Evid. 401, 403.

### iii.  Plaintiff's Broad Arguments Regarding Unspecified Criminal Convictions or Complaints

Plaintiff broadly argues that "*any* evidence" of any other criminal convictions or complaints against him—whether or not they are listed on Defendants' exhibits—should be precluded. (Docket No. 140 at 7) (emphasis added).  Aside from a conclusory allegation of the potential prejudicial impact of all the specified and unspecified criminal convictions and complaints together, the remainder of Plaintiff's relevant motion *in limine* focuses on precluding evidence of the named convictions specified above. (Docket No. 140 at 7–17).  On this record, the Court finds that these arguments in Plaintiff's motion *in limine* "[lack] the necessary specificity with respect to the evidence to be excluded . . . ." *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  The Court therefore holds that "the current motion is too sweeping in scope" with regard to Plaintiff's unspecified criminal convictions and complaints to be decided *in limine* and will thus "reserve judgment on [this portion of] the motion until trial when admission of particular pieces of evidence is in an appropriate factual context." *See id.*; *New Am. Mktg. FSI LLC*, 187 F. Supp. 3d at 481.

### 2.  Evidence Concerning a Temporary Restraining Order and Domestic Disputes

Plaintiff seeks to preclude evidence of a temporary restraining order and related warrant that his former partner, Kaila Grant, obtained against him, as well as domestic disputes between Plaintiff and Ms. Grant. (Docket No. 140 at 17–20).  This evidence, Plaintiff argues, would be irrelevant to his excessive force and failure to intervene claims and highly prejudicial to him as it would inflame the emotions of the jurors or otherwise encourage them to apply improper motives in their deliberations. (Docket No. 140 at 17–20).  On the other side, Defendants assert that the evidence, if it pertains to Plaintiff's motivation for fleeing from police officers on the day in

-18-

question, should be admitted. (Docket No. 159 at 10–12).  Without it, Defendants note,

Plaintiff's allegation that an officer made a threatening comment to him could lead the jury to

believe that comment was his motivation for fleeing when, as stated by Plaintiff during a

deposition, his motivation stemmed from the warrant. (Docket No. 159 at 10–12; Docket No.

158-1 at 11–13).

      The Court is sensitive to Plaintiff's concern for the potentially prejudicial nature of the

temporary restraining order, warrant and domestic dispute evidence, and is also wary of the

possibility of it confusing the issues, misleading the jury and wasting time. *See* Fed. R. Evid.

403; *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (noting "[t]he prejudicial effect

[of evidence] may be created by the tendency of the evidence to prove some adverse fact not

properly in issue or unfairly to excite emotions against the defendant.").  However, the Court is

also persuaded that evidence bearing on Plaintiff's motivation for fleeing from the police during

the incident in question is relevant to deciding Plaintiff's remaining claims. *See* Fed. R. Evid.

401.  Therefore, balancing these competing concerns, the Court finds that Defendants may

introduce evidence showing that Plaintiff had, or thought he had, an active warrant for his arrest

on the date of the incident. *See* Fed. R. Evid. 401, 403.  However, no evidence will be permitted

of the subject, substance, or background of the warrant.  Evidence of the temporary restraining

order sought by Ms. Grant, as well as evidence of any domestic disputes between Plaintiff and

Ms. Grant, will not be allowed.

### 3.  Evidence Regarding Plaintiff's Medical Records from December 2016

      Plaintiff moves to exclude the medical records associated with his December 2016 visit

to the Orange Regional Medical Center ("ORMC") as irrelevant, prejudicial, impermissible

propensity evidence and hearsay. (Docket No. 140 at 20–25).  Defendants argue that the records

-19-

should be put before the jury as relevant to Plaintiff's potential damages calculation, that the records are more probative than prejudicial, and that certain police statements contained within the medical records are not hearsay as they fall within an exception. (Docket No. 159 at 7–9).

In reviewing the medical records, the Court finds their limited probative value is outweighed by their prejudicial effect. *See* Fed. R. Evid. 403.  The statements in the records indicate that Plaintiff was admitted to the hospital following a scuffle with police in December 2016. (Docket No. 146-1 at 1–5).  This evidence is unrelated to Plaintiff's claims in the instant case, is highly prejudicial and is likely to confuse the issues. *See id.*  The Court, therefore, precludes admission of the medical records relating to Plaintiff's December 2016 visit to ORMC.

## III. CONCLUSION

For the foregoing reasons, the parties' motions *in limine* are granted in part and denied in part.

The Clerk of the Court is respectfully requested to close the pending motions (Docket Nos. 118, 139, 142), and to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated:   November 7, 2022
      White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge
